**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

ZACHARY FELPS

CIVIL ACTION

VERSUS

NO. 25-139-JWD-RLB

A AMBASSADOR LIMOUSINE &
TRANSPORTATION SERVICES, INC.,
ET AL.

*–CONSOLIDATED WITH–*

LISA MCKEEL

CIVIL ACTION

VERSUS

NO. 25-223-JWD-RLB

SOTERIA TRANSPORTATION GROUP,
ET AL.

## ORDER

Before the Court is the *Motion for Summary Judgment* (Doc. 28)[1] filed by Defendant Greyhound Lines, Inc. ("Greyhound"). After this motion was filed, the Court promptly issued its usual briefing schedule. (Doc. 29.) All briefing deadlines have long since passed, and Greyhound's motion remains unopposed.[2] For the reasons below, the Court will grant Greyhound's motion.

Greyhound seeks dismissal of Plaintiff Lisa McKeel's claims against it pursuant to Federal Rule of Civil Procedure 56. (Doc. 28 at 1.) Plaintiff filed suit in state court on January 24, 2025, for injuries sustained during a motor vehicle accident on January 24, 2024. (Doc. 28-1 at 1, ¶ 1 (citing 3:25-cv-00223-JWD-RLB, Doc. 1-1 at 2, ¶ IV).)[3] Plaintiff then filed an amended petition,

---

[1] Unless otherwise indicated, when the Court cites a record document, that document appears in the lead case, 3:25-cv-00139-JWD-RLB, as opposed to the member case, 3:25-cv-00223-JWD-RLB.

[2] Memoranda in opposition to a motion must be filed "within twenty-one days after service of the motion." M.D. La. Civ. R. 7(f). Plaintiff Lisa McKeel did not request additional time to file an opposition to the instant motion.

[3] Because Greyhound's motion is unopposed, all statements contained in the *Statement of Uncontested Facts* (Doc. 28-1) are uncontroverted and are therefore deemed admitted. *See* M.D. La. Civ. R. 56(f).

adding Greyhound as a defendant. (3:25-cv-00223-JWD-RLB, Doc. 1-2 at 1–2, ¶ I.) Greyhound removed the case to this Court. (3:25-cv-00223-JWD-RLB, Doc. 1 at 1 (citing 28 U.S.C. § 1332).)

Plaintiff alleges that, at the time of the accident, she was a passenger on a coach bus owned by A Ambassador Limousine & Transportation, Inc. ("A Ambassador") and driven by Tekema Moore ("Moore"). (Doc. 28-1 at 1–2, ¶¶ 1–2.) Greyhound has no relationship with Moore, "contractual or otherwise." (*Id.* at 2, ¶ 6.) Greyhound did not train her. (*Id.* at 3, ¶ 8.) "Moore was not, and has never been, an employee of Greyhound." (*Id.* at 2, ¶ 7.) At all relevant times, Moore was a full-time employee of A Ambassador. (*Id.* at 3, ¶ 10.) And "A Ambassador alone exercised operational control over Moore's actions." (*Id.* ¶ 11; *see also id.* ¶¶ 12–13.)

Nor did Greyhound "own, possess, or have custody of" the bus which Moore was driving at the time of the accident. (*Id.* at 4, ¶¶ 14, 16–17.) A Ambassador owned the bus and operated the bus route. (*Id.* ¶¶ 15, 19.) "Plaintiff purchased her ticket from FlixBus, Inc.—not Greyhound—for the subject ride . . . ." (*Id.* ¶ 18.) "Greyhound and FlixBus, Inc. are separate corporate entities." (*Id.* ¶ 20.) Finally, "[a]t all relevant times, including on January 24, 2024, Greyhound had no contractual relationship with A Ambassador." (*Id.* ¶ 21.)

Given the foregoing, Greyhound argues that it "cannot, as a matter of law, be held vicariously liable for Moore's alleged negligence" on January 24, 2024. (Doc. 28-2 at 4–5 (citing La. Civ. Code art. 2320).) Likewise, Plaintiff's negligent hiring, training, and supervision claims should fail against Greyhound, because Plaintiff cannot establish that Greyhound owed Plaintiff a duty of care here. (*Id.* at 5–6 (citing 3:25-cv-00223-JWD-RLB, Doc. 1-2 at 3, ¶ VIII).) "The undisputed facts show that Greyhound" did not "employ[] Moore or exercise[] the requisite right of control over her conduct." (*Id.* at 6 (citing Doc. 28-4 at 2–3; Doc. 28-5 at 105–06, 123)).) Finally, Plaintiff's negligent entrustment claim, (*see* 3:25-cv-00223-JWD-RLB, Doc. 1-2 at 3, ¶ VIII),

should fail against Greyhound, because Greyhound (1) "did not own, possess, or have custody of" the bus; (2) "exercised no operational control over [it]"; and (3) "bore no responsibility for its maintenance, inspection, or repair," (Doc. 28-2 at 7 (citing Doc. 28-4 at 3; Doc. 28-7 at 8–9)). In other words, Greyhound "did not entrust any vehicle or equipment to Moore." (*Id.*)

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the initial burden and must identify 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted)).

"A movant for summary judgment need not set forth evidence when the nonmovant bears the burden of persuasion at trial." *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019) (citing *Celotex*, 477 U.S. at 323 ("[W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." (emphasis in original))). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Id.* (quoting *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002)).

"A motion for summary judgment cannot be granted simply because there is no opposition . . . ." *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (per curiam) (quoting *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). "However, a court may grant an unopposed summary judgment motion if the undisputed

3

facts show that the movant is entitled to judgment as a matter of law." *Id.* (citing *Hibernia Nat'l Bank*, 776 F.2d at 1279); *accord Bryan v. Cano*, No. 22-50035, 2022 WL 16756388, at *4 (5th Cir. Nov. 8, 2022) (per curiam) (citing *Day*, 768 F.3d at 435).

Having carefully reviewed the *Amended Petition* (3:25-cv-00223-JWD-RLB, Doc. 1-2), Greyhound's *Motion for Summary Judgment* (Doc. 28) and supporting memorandum (Doc. 28-2), the *Statement of Uncontested Facts* (Doc. 28-1), and all attachments, the Court will grant Greyhound's motion for the reasons set out in detail in the supporting memorandum and summarized above. In short, there is no dispute that "Greyhound had no connection to the accident," and so Plaintiff cannot establish that, here, Greyhound owed her a duty of care. (*See* Doc. 28-2 at 1; *see also* Doc. 28-4 at 2–3; Doc. 28-5 at 104–09, 123–24; Doc. 28-6 at 3–4, 6, 10– 18; Doc. 28-7 at 8–9, 12; Doc. 28-8 at 7–10.)

Accordingly,

**IT IS ORDERED** that the *Motion for Summary Judgment* (Doc. 28) filed by Defendant Greyhound Lines, Inc. is **GRANTED**. Plaintiff Lisa McKeel's claims against Greyhound are **DISMISSED WITH PREJUDICE**, with the parties to bear their own costs.

Any response to this *Order*, <u>which should explain Plaintiff's failure to comply with the Court's deadlines</u>, based on the appropriate Federal Rule of Civil Procedure, shall be filed within fourteen days <u>and</u> must be accompanied by a memorandum in opposition to the original *Motion for Summary Judgment* (Doc. 28).

Signed in Baton Rouge, Louisiana, on <u>May 26, 2026</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

4